HERBERT A. CADE, Judge Pro Tern.
Appellant, Carole H. Burstein, was retained in November of 1983 to represent Sandra Zahn Oreck in a divorce proceeding. By verbal agreement the parties set a *1238 $75.00 hourly fee. Appellant accepted certain art works, valued by the trial judge at $4100.00, as partial payment, and had received no other payment for services rendered when on May 20, 1985 she was discharged by Mrs. Oreck.
Appellant forwarded a statement for $11,890.75. Subsequently she intervened in the divorce proceeding, amended her statement to $16,890.75 and caused notice of lis pendens to be recorded against the Oreck community home. Trial was held June 26, 1986 and judgment awarding $6,796.25 in attorneys fees was rendered August 18, 1986. In arriving at this sum the trial judge calculated 193.25 billable hours, which he valued at $55.00 per hour, allowed $277.50 in expenses, and deducted the value of the art work.
Motion for New Trial was filed August 26, 1986 and heard October 9, 1986. On the latter date appellant filed a Motion to Correct Errors of Calculation or Supplementary Motion for New Trial. Judgment was rendered November 7, 1986 denying the Motion for New Trial. Notice of lis pendens was ordered cancelled, on ex parte motion of the Orecks, the community home was sold and $18,000.00 was ordered placed in the Registry of Court December 30, 1986. Appellant’s Motion to Correct Errors was heard and denied in open court February 17, 1987. A Motion for Judgment (in the amount of $19,625.00) filed January 26, 1987, in which appellant also asked that the Orecks and their counsel be held in contempt of court for improper ex parte proceedings, was likewise heard and denied that date. Appeal is taken from these rulings; appellant also seeks review of the August 18, 1986 award of attorneys fees.
The August judgment is final and not appealable. C.C.P. Arts. 2087, 2123; see also Pennison v. Pennison, 157 So.2d 628 (La.App. 4th Cir.1963), writ refused 245 La. 585, 159 So.2d 290 (1964). We turn therefore to the judgments of February 17, 1987, which are properly before us.
We find no error in denial of the Motion to Correct Errors of Calculation. The motion requested adjustment of the $55.00 hourly rate awarded by the trial court to $75.00, requested that the trial court reconsider reasons for decision and that it consider authority neither raised nor argued previously. As such the motion sought an impermissible substantive change in the original judgment, see C.C.P. Art. 1951; Villaume v. Villaume, 363 So.2d 448 (La.1978); Tuttle v. Tuttle, 430 So.2d 269, 272 (La.App. 5th Cir.1983), aff’d 462 So.2d 175 (La.1985); in any event correction of a judgment rests within the sound discretion of the trial judge, and abuse of that discretion is not shown.
Nor do we find error in denial of the Motion for Judgment. The record does not reflect contumacious conduct. Assuming, moreover, that notice of lis pendens may not be lifted by ex parte proceedings, appellant’s rights were fully recognized and protected by the deposit of funds in the court registry.
The judgments are correct and are affirmed.