863 So.2d 671 (2003)
Donna BROWN and Vicki Davis
v.
Steven S. HIATON, Church Mutual Insurance Company, Greater St. Stephen Baptist Church, and Louisiana Auto Insurance Company.
No. 2003-CA-0155.
Court of Appeal of Louisiana, Fourth Circuit.
December 17, 2003.
*672 Donna Brown, New Orleans, LA, In Proper Person, Plaintiff/Appellant.
James Ryan, III, Timothy T. Roniger, James Ryan, III & Associates, LLC, New Orleans, LA, for Defendant/Appellee, Church Mutual Insurance Company.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
This case involves a personal injury action by the plaintiffs, Donna Brown and Vickie Davis, against the defendants, Steven S. Hixon[1], his employer, Greater St. Stephen Baptist Church ("St.Stephen"), and their insurer, Church Mutual Insurance Company (the "Insurer").[2] Ms. Brown is appealing the trial court's dismissal of her case.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Ms. Brown and her guest passenger, Ms. Davis, were traveling in a Nissan automobile when a vehicle owned by St. Stephen and driven by Mr. Hixon hit the *673 Nissan from the rear, injuring Ms. Brown and Ms. Davis. Ms. Brown and Ms. Davis subsequently brought this suit. Ms. Davis settled her claim and is no longer a party to the suit.
At trial Ms. Brown represented herself in proper person.[3] At the beginning of the trial, a motion to dismiss the claims against Mr. Hixon and St. Stephen was made on the ground that these two defendants had not been served with the citation in the suit. When the trial court judge asked Ms. Brown whether she had any evidence that these defendants had answered the petition for damages, she said no. The trial court dismissed the claims against these defendants. A motion was then made on behalf of the Insurer[4] to dismiss the claims against it on the ground that an action against an insurer alone can only be brought in limited circumstances, none of which were applicable in the instant case. See La. R.S. 22:655(B). The trial court granted the motion and dismissed the entire case with prejudice.
After the case was dismissed, Ms. Brown filed a motion for appeal. Next Ms. Brown filed a Forma Pauperis Application[5], which was denied. Then because she did not pay the costs of the appeal, a rule to show cause why the appeal should not be dismissed was filed by the clerk of the trial court. The rule to show cause was heard by the trial court. Ms. Brown was present at the hearing, and she represented herself. After the hearing, Ms. Brown filed another Forma Pauperis Application. Prior to ruling on the second Forma Pauperis Application, however, the trial court dismissed Ms. Brown's appeal on the grounds that the appeal costs remained unpaid. After the appeal was dismissed, the trial court judge then approved the second Forma Pauperis Application.
This Court remanded the case to the trial court for a clarification regarding the approval of the second Forma Pauperis Application after the appeal was dismissed. On remand the trial court vacated the dismissal and reinstated the appeal, which is now before us.

DISCUSSION
Assignments of Error
Ms. Brown's brief does not contain specifications or assignments of error as such[6]. Under Rule 1-3, Uniform *674 RulesCourts of Appeal, we "will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." Because it appears that Ms. Brown's brief does, at least by implication, raise the issue of whether the Insurer should have been dismissed after Mr. Hixon and St. Stephen were dismissed, we will treat the dismissal of the Insurer as an assignment of error for purposes of this opinion.[7]
Dismissal of the Insurer
Ms. Brown contends that the Insurer should not have been dismissed from this case after the trial court dismissed the suit against Mr. Hixon and St. Stephen. The trial court dismissed the suit against these defendants on the grounds that they had not been served with a citation and had not filed an answer to the petition for damages. See La.C.C.P. art. 1201, which provides that without citation and service "all proceedings are absolutely null."
Ms. Brown contends that the Insurer, which was served with the citation and filed an answer to the petition for damages, should not be dismissed from the case. We disagree, however. Pursuant to La. R.S. 22:655(B), an insurer can be sued alone only in certain instances. La. R.S. 22:655(B) provides that a direct action may be brought against an insurer alone only when (1) the insured is adjudicated a bankrupt or is involved in bankruptcy proceedings, (2) service of process cannot be made on the insured, (3) the cause of action is between parent and child or married persons, (4) the insurer is an uninsured motorist carrier, or (5) the insured is deceased. None of these situations are applicable in this case. Therefore, the trial court properly dismissed this suit against the Insurer.
Dismissal with Prejudice
We note, however, that this suit was dismissed "with prejudice". La.C.C.P. art. 1672(C) provides that "[a] judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) [ninety days after the commencement of the action], upon contradictory motion ... or upon the court's own motion, unless good cause is shown why service could not be requested...." (Emphasis added). We do not believe that this suit should have been dismissed with prejudice under La. C.C.P. art. 1672(C). Therefore, we hereby amend the trial court's judgment dismissing this case to reflect that the case is dismissed without prejudice.

CONCLUSION
The trial court's judgment is affirmed insofar as it dismisses the suit against Mr. Hixon, St. Stephen, and the Insurer. The judgment is amended, however, to reflect that the dismissal is without prejudice
AFFIRMED AS AMENDED.
NOTES
[1] Mr. Hixon was incorrectly identified as Stephen S. Hiaton in the petition.
[2] Louisiana Auto Insurance Company was also sued, because it was thought to be an insurer of St. Stephen.
[3] The record reveals that prior to trial two different law firms had represented Ms. Brown. One had withdrawn from the case, and the services of the other were terminated by Ms. Brown. The record also shows that the trial court judge advised Ms. Brown at least twice that she should not proceed to trial without representation by counsel. Ms. Brown, however, decided to proceed with the trial in proper person.
[4] The Insurer had been served with the citation and had filed an answer.
[5] If an application to proceed in forma pauperis is granted, the applicant does not have to pay court costs.
[6] The brief states that "[t]he following events will ascertain and /or describe inadequate representation of co-plaintiffs, Donna M. Brown and Vicki Davis due [sic] collusion, conspiracy, suppression of file record requirements, and breach of statutory duty by one or more defendant(s)" and then enumerates eight events. Several of the "events" relate to the settlement of Ms. Davis' claims against the defendants and the failure of the Insurer to settle Ms. Brown's claims or to otherwise compensate her. Additionally, some of the "events" refer to the Insurer's breach of "its duty of good faith and fair dealing." The rest of the "events" relate to the dismissal of the suit against the Insurer, because the case was dismissed against St. Stephen and Mr. Hixon. The brief also mentions Ms. Brown's claim that she was "a victim of inadequate representation."
[7] We note that Ms. Brown did not raise the issue of the dismissal of Mr. Hixon and St. Stephen. Because this issue was not raised, we will not address it. Mr. Hixon and St. Stephen did file an answer to a petition for intervention in this case. We will not, however, address the issue of whether or not this could be construed to be a general appearance in this suit, because this issue was not raised either in the trial court or on appeal.