| tThis civil appeal is before us on remand from the Louisiana Supreme Court.[1]
In light of the Supreme Court’s conclusion that the trial judge did not err'when he terminated the lease, we have, in connection with its directive, reviewed the parties’ arguments with respect to Mr. Lobell’s sole remaining assignment of error challenging the trial court’s award of restoration costs. Having reviewed the testimony and exhibits bearing upon this issue, we conclude that the trial judge was not clearly wrong and acted reasonably when he awarded 2025 Canal $3,230,162.72 in restoration costs. We thus affirm that portion of the trial court judgment which awarded this item of damage.
We now explain our opinion in greater detail.
I
Because we have already discussed in depth this matter’s factual and procedural history we point to our decision in Lobell v. Rosenberg, 14-0060, pp. 3-11 (La.App. 4 Cir. 1/7/15), 158 So.3d 874, 878-882, and especially Part I thereof, for a complete treatment of the background of these proceedings. By way of |?summary, we held in our prior opinion that the trial judge was not clearly wrong when he concluded that: 1) the December 28, 2007, January 31, 2007, and February 12, 2008 default letters did not constitute anticipatory breaches of contract by the Rosenberg heirs; and, 2) 2025 Canal and the Rosenberg heirs did not terminate the lease and evict Mr. Lobell from the property prior to the end of the leases’ term. We, accordingly, affirmed the trial judge’s refusal to award Mr. Lobell any damages for the alleged breach of the lease. Because he has not sought review of our affirmation of the trial judge’s denial of his claims and dismissal of his causes of action, this portion of our prior opinion, as noted by the Supreme Court, is final. See Lobell, 15-0247, p. 9, — So.3d at — n. 3.
On the other hand, we also concluded that the trial judge was clearly wrong when he found that the December 28, 2007, January 31, 2007, and February 12, 2008 letters constituted adequate notices of default under the parties’ lease agreement. Because the default letters failed to specifically afford Mr. Lobell a cure period, we concluded that the trial judge erred when he found that the letters complied with the terms of the lease. We, accordingly, held that the trial judge erred when he granted 2025 Canal’s request to terminate the- lease. Holding that the lease was still in effect, we then vacated that portion of the judgment which awarded 2025 Canal building restoration costs, past unpaid rent, attorney’s fees, and reimbursement for monies spent by the Rosenberg heirs on payment of ad valorem taxes.
| s2025 Canal and the Rosenberg heirs— but not Mr. Lobell — applied for writs of *853 certiorari and review to the Louisiana Supreme Court. The Supreme Court, subsequently, granted writs and issued a per curiam opinion, Guidry, J., dissenting, which specifically reversed our conclusion that the Rosenbergs failed “to specifically afford Mr. Lobell a cure period to attempt to remedy his defaults.” Lobell, 15-0247, p. 12, — So.3d at —. Reinstating that portion of the trial court’s judgment which terminated the lease, the Supreme Court remanded the matter to us for consideration of Mr. Lobell’s remaining unaddressed assignment of error, which challenges the amount of the trial court’s award of restoration costs to 2025 Canal. Id.
II
Although it did not address the propriety of the individual awards, the Supreme Court explicitly stated that the trial judge’s factual findings, which underlie the awards, are supported by the record and not clearly wrong. We now examine that portion of the trial court’s judgment that awarded damages to 2025 Canal, in addition to those portions of the reasons for judgment that set out the awards’ factual underpinnings.
After reviewing the lease and the Consent and Agreement, the trial judge found that Mr. Lobell was obligated to pay $2,088.33 per month in rent, pay all ad val orem taxes, and maintain $2,600,000.00 in insurance on the leased premises, “which proceeds were required to be placed in trust under certain circumstances and used to return the building to the same condition as prior to the loss.” The ^agreements also obligated Mr. Lobell “to keep the building in good repair and to repair within six months of a loss.”
In finding that he failed to pay rent, the trial judge rejected Mr. Lobell’s contention that the lease was orally modified by the parties to suspend rent payments for a set time after Hurricane Katrina. He also concluded ’that while Mr. Lobell made a partial tender of rent in the aftermath of the December 28, 2007 default letter, the Rosenbergs refused his efforts because he did not tender the full amount due and because he had yet to cure the other defaults. 2025 Canal, accordingly, was, awarded $193,749.69 in past due rent.'
The trial judge also found that Mr. Lo-bell breached his lease obligations by failing to pay all ad valorem taxes. Although he recognized Mr. Lobell’s contractual right to contest tax assessments, the trial judge concluded that he did not do so in timely fashion or for every unpaid tax assessment. The trial judge further found that the property was sold at a tax sale in 2007 for non-payment of the 2004 and 2005 taxes, which compelled the Rosenbergs to redeem the property. 2025 Canal was, therefore, awarded, $56,766.67 for past ad valorem taxes.
The trial judge additionally found that Mr. Lobell breached his obligations under the Consent and Agreement by failing to maintain the requisite amount of insurance. The Agreement to Provide Insurance obligated Mr. Lobell to secure replacement value in the event of a loss. Mr. Lobell, however, settled on the lesser actual cash value when negotiating a settlement with his two property insurers. And while he was obligated under the Consent and Agreement to place all | ^insurance proceeds in trust for the repair of the building, the trial judge concluded that Mr. Lobell failed to act in accordance with these provisions. Rejecting his “contention that he was not required by the agreements to use the insurance proceeds to return the leased premises to the same condition as before Hurricane Katrina,” the trial judge explicitly found that Mr. Lobell never intended to honor the agree *854 ment and restore the property to its pre-Hurricane Katrina state and awarded 2025 Canal restoration costs. In making his award, the trial judge specifically rejected the .$7,642,149.11 in estimated costs put forward by Scott Wolff, 2025 Canal’s expert. He, instead, based his award on the combined replacement cost estimates of St. Paul Travelers and Colonial Claims, Mr. Lobell’s property insurers, which totaled $3,230,126.72. The. trial judge also awarded 2025 Canal $166,484.73 in attorney’s fees.
III
In this Part we examine the parties’ respective arguments in opposition to, and support of, the trial court’s award of damages. Mr. Lobell, in his initial appeal of the trial court’s judgment, did not ask us to vacate or modify the trial court’s awards to 2025 Canal for past due rent, unpaid ad valorem .taxes,, interest, and attorney’s fees. Rather, he sought only to modify the trial court’s award of restoration costs. Specifically, he compared the replacement cost estimate made by St. Paul Travelers, the actual cash value estimates made by St. Paul Travelers and Colonial Claims, and various estimates made by Roy Carru-ba, his proffered expert, and alleged that the trial court’s award of restoration costs lacked an evidentiary |fibasis. Notably, he did not include in his list Colonial Claims’s replacement cost estimate or the $7,642,149,11* restoration estimate made by Scott Wolff, 2025’s expert. Rather, he briefly asserted that the trial judge erred by not accepting — out of the range of figures put forward — one of the three estimates made by Mr. Carruba, whose testimony was excluded by the trial judge.[2] 2025 Canal, on the other hand, argued that the trial court’s award of restoration costs should be affirmed because it was substantially lower than the figure testified to by its own expert, based upon evidence in the record, ie., the combined replacement cost estimates of Mr. Lobell’s two property insurers, and not clearly wrong. On remand, 2025 Canal again advances the same, arguments in support of the trial judge’s award.
Mr. Lobell, on remand, reiterates his attack on the trial court’s award of restoration costs but additionally and for the first time argues that we must now modify the awards of judicial interest" and past due rent. We reject his arguments on these last two issues. His rent argument is premised upon the contention that the Supreme Court implicitly overruled the trial court’s termination of the lease and instead concluded that the Rosenbergs’ December 28, 2007, January 31, 2007, and February 12, 2008 letters terminated the lease. Thus, he argues, the .award must be recalculated to reflect that no rent was due after February 2008. The trial judge, however, rejected this assertion and we explicitly affirmed his ruling on this 17point, Mr. Lobell failed to seek review of this ruling with the Supreme Court, which noted that this aspect of the trial judge’s ruling is final. And we refuse to reopen the matter. We further observe that Mr. Lobell’s .interest argument was not presented to the trial judge. Generally, issues not raised in the trial court will not be given consideration for the first time on appeal. See Rule 1-3, Uniform Rules-Courts of Appeal; Scott v. Zaheri, 14-0726, p. 14 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 788. We, therefore, do not consider his arguments respecting interest or rent and confine the remainder of our *855 present opinion to the sole assignment of error pretermitted by us in our prior opinion — the propriety, vel non, of the trial judge’s award of $3,230,126.72 in restoration costs to 2025 Canal.
IV
We next set out the applicable standards governing our review of the trial judge’s award of restoration costs and then examine the amount awarded.
A
Unlike general damages,, which are not susceptible to exact pecuniary determination, special damages are those that have a ready market value, so that the amount of damages theoretically may be determined with relative certainty. See Duncan v. Bartholomew, 11-0855, p. 9 (La.App. 4 Cir. 3/14/12), 88 So.3d 698, 707. A plaintiff is required to prove special damages by a preponderance of the evidence. See Watson v. Hicks, 15-0046, p. 21 (La.App. 4 Cir. 5/27/15), 172 So.3d 655, 672. We review an award of contractual restoration costs as we would an item of special damages, pursuant to the manifest error-clearly wrong standard |Rof review. See Corbello v. Iowa Production, 02-0826, p. 12 (La.2/25/03), 850 So.2d 686, 697; Watson, 15-0046, p. 21, 172 So.3d at 673. An appellate court, in reviewing a trier of fact’s conclusions with regards to special damages, must satisfy a two-step process based on the record as a whole: there must be a reasonable factual basis for the trial court’s conclusions, and the finding must not be clearly wrong. See Scarberry v. Entergy Corp., 13-0214, p. 36 (La.App. 4 Cir. 2/19/14), 136 So.3d 194, 216-217. The contours of this test provide “that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding.” Lobell, 15-0247, p. 6, — So.3d at —, citing Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). The reviewing court, accordingly, “must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.” Id.
B
We have reviewed the record and the exhibits introduced at trial, and we find that the award for restoration costs was sufficiently substantiated by the evidence and is not clearly wrong. , Once he concluded that Mr. Lobell owed 2025 Canal restoration costs, the trial judge was presented by the evidence with two sets of figures. 2025 Canal introduced the expert opinion testimony and substantiating documentation of Scott. Wolfe, who estimated 2025 Canal’s restoration costs at $7,642,149.11. Mr, Lobell introduced into eyidenee the cost estimates from St. Paul Travelers and Colonial Claims, his property insurers, which estimated $3,230,126.72 in combined replacement costs.
|flWhen there are two permissible views of the evidence, the trier of fact’s choice between them Cannot be manifestly erroneous. See Rousset v. Smith, 14-1409, p. 23 (La.App. 4 Cir. 9/23/15), 176 So.3d 632, 646. Here the trial judge awarded an amount based upon the lower set of figures. Our review of the record indicates that the respective estimates prepared by St. Paul Travelers and Colonial Claims are based upon facts in the record. In addition to their cost.estimates, Mr. Lobell also introduced numerous claims, adjusting forms and supporting documentation used by his insurers in arriving at their respective replacement cost figures. When viewed in the light of. the evidence, the trial judge’s award of $3,230,126.72 in restoration costs is reasonable and not clearly wrong. We, therefore, affirm the trial judge’s award of restoration costs to 2025 Canal.
*856 DECREE
The judgment of the trial court casting Kenneth H. Lobell and K.H.L. Canal, L.L.C, in judgment to 2025 Canal Street, L.L.C., for $3,230,126.72 in restoration costs is affirmed. Costs of the appeal are taxed to the appellants. See La. C.C.P. art. 2164.
AFFIRMED

. See Lobell v. Rosenberg, 15-0247 (La.10/14/15), 186 So.3d 83, 2015 WL 5972548.

. Mr. Lobell has never assigned as error, or sought" review of, the trial court’s exclusion of - Mr. Carruba’s testimony. The trial court’s ruling on this issue is, therefore, final, See Lobell, 15-0247, p. 9, — So.3d at — n. 3.