998 So.2d 48 (2008)
Thomas DENTON
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2008-C-0483.
Supreme Court of Louisiana.
December 12, 2008.
*49 Lobman, Carnahan, Batt, Angelle & Nader, Burt Krey Carnahan, Pamela Kaye Richard, New Orleans, for applicant.
Maughan, Maughan & Lormand, James L. Maughan, Baton Rouge, Unglesby & Marionneaux, Lewis Owens Unglesby, Robert Mark Marionneaux, Jr., Baton Rouge, John Paul Calmes, Jr., Baton Rouge, Shows, Cali, Berthelot & Walsh, Edmond Wade Shows, Ronnie Jude Berthelot, Baton Rouge, Louisiana Division of Administration, Carlos Alberto Romanach, Harry Lawrence Shoemaker, III, for respondent.
KNOLL, J.
We granted this writ to determine whether the trial court may consider the plaintiff's "Motion to Introduce Additional Evidence and To Fix Interest," filed sixtyfour days after a final judgment was signed memorializing a jury verdict. After reviewing the record and the applicable law, for the following reasons we reverse the judgment of the appellate court and find the plaintiff's post-trial motion was untimely.

FACTS AND PROCEDURAL HISTORY
Asserting a personal injury claim from injuries he sustained on November 3, 1995, in an automobile accident plaintiff, Thomas Denton (Denton), filed suit on January 12, 1995, against Pamela Vidrine (Vidrine), the driver of the other automobile involved in the accident, the Louisiana Department of Transportation and Development (DOTD), and State Farm Automobile Insurance Company (State Farm), Denton's uninsured motorist carrier. After a five-day trial on the merits that ended on October 22, 2004, a jury found in favor of Denton *50 and rendered a judgment totaling $5,285,908.00, and assessed 44% fault to Vidrine, 52% fault to DOTD, and 4% to Denton. On November 3, 2004, the trial court signed a final judgment in accordance with the jury's verdict ordering, inter alia, that "State Farm Automobile Insurance Company as the uninsured/underinsured motorist carrier of the Thomas R. Denton Vehicle owes its policy limit of $50,000.00 plus court costs and interest from the date of judicial demand until paid."
Prior to entry of the final judgment, but after the jury verdict, Denton disagreed with State Farm about the amount of interest State Farm owed. Denton claimed entitlement of interest on the entire amount of the judgment; State Farm claimed that pursuant to the State Farm policy introduced into evidence as "Joint Exhibit 3" and stipulated to by the parties,[1] interest was only owed on the policy limits. Pursuant to the provisions of the policy introduced into evidence, on November 10, 2004, State Farm tendered the $50,000 cast against it in judgment, together with interest in the sum of $31,797.87.
On January 6, 2005, Denton filed the post-trial motion at issue herein, captioned "Motion to Introduce Additional Evidence and To Fix Interest." Denton's premise for his motion was twofold: (1) the policy jointly introduced into evidence, and in force at the time of the accident, contained changes and amendments to the policy originally issued to him in 1983; and, (2) State Farm never notified him of these changes. He alleged that State Farm failed to notify him of a change in the interest provisions of its policy; therefore, he contended, relying upon this Court's holding in Martin v. Champion Insurance Company, 95-0030 (La.6/30/95), 656 So.2d 991 (finding that a supplemental payment provision in an insurance policy which provides that the insurer will pay interest on the entire judgment to the benefit of the insured must be included within the ambit of the UM coverage, unless there is a valid written rejection or selection of lower limits), he was entitled to interest on the entire judgment rather than interest only on the policy limits. As part of Denton's motion, he sought to introduce his original 1983 policy as additional evidence to aid the trial court in determining the extent of State Farm's liability for interest. In support of his motion, Denton relied upon La.Code Civ. Proc. arts. 1631 and 1632. In pertinent part, Article 1631 establishes the trial court's authority to control the trial proceedings "so that justice is done"; article 1632 sets out the normal order of trial and provides that the order "may be varied by the court when circumstances so justify."
State Farm opposed Denton's motion on two grounds. First, it argued that Denton's motion, filed on January 6, 2005, was tantamount to a motion for a new trial and was untimely under La.Code Civ. Proc. art.1974 which required that such a motion should have been filed within seven days of *51 November 4, 2004, the date of the clerk's notice of signing of judgment. Second, based upon La.Code Civ. Proc. art.2088, State Farm argued the trial court was divested of jurisdiction as a result of DOTD's filing of an appeal.[2]
After hearing oral argument, the trial court denied Denton's motion and adopted State Farm's reasoning as the basis for its ruling. Denton then appealed this ruling of the trial court.
In an unpublished opinion, that appellate court vacated and set aside the district court judgment, finding the district court was divested of jurisdiction over all areas of the case when it signed the order granting DOTD a suspensive appeal. Denton v. Vidrine, 06-0143 (La.App. 1 Cir. 12/28/06), 947 So.2d 850. According to the court of appeal, Louisiana law is well settled that once an order for a suspensive appeal is entered and the appeal bond was posted the district court is divested of jurisdiction over the matter, except for ten limited situations, see n. 2, supra, none of which were applicable to the present case. Therefore, the appellate court pretermitted the issues Denton raised in its appeal and vacated the trial court judgment.
Thereafter, State Farm applied for a writ of certiorari from this Court. After considering State Farm's application, we stated:
Writ granted. The court of appeal's ruling is vacated and the matter is remanded to the court of appeal for consideration on the merits. The district court was not divested of jurisdiction from ruling on this particular motion. See La.Code Civ. Pro. art.2088.
Denton v. Vidrine, 07-0566 (La.6/1/07), 957 So.2d 162.
On remand, a five-judge appellate panel, with one judge dissenting, held:
We conclude that either under La. C.C.P. art.2088(7) or La. C.C.P. art. 2088[10], a motion to fix interest is similar to a motion to fix costs. Evidence is permissible at a motion to fix costs; thus, evidence should be permissible to show the amount of interest owed. Since the trial court is not divested of its jurisdiction in this matter, the trial court has jurisdiction to clarify its judgment *52 as to the amount of interest defendant owes. Therefore, the trial court was legally wrong in ruling that evidence was inadmissible. This matter is hereby remanded to the trial court for the taking of evidence.
We granted State Farm's writ application from this ruling. Denton v. Vidrine, 08-0483 (La.4/4/08), 978 So.2d 315.

DISCUSSION
Denton contends that his motion is neither seeking an amendment to the judgment nor any changes to the language of the judgment. Rather, he argues he is seeking a clarification of what the language of the judgment means, i.e., whether the interest State Farm is obligated to pay is due on the entire amount of the judgment or on the policy limits. To the contrary, State Farm argues that any judgment which would increase the amount of interest State Farm owed from $31,797.87 to approximately $1.4 million is a substantive change to the judgment which La. Code Civ. Proc. art.1951 does not permit.
A final judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692. A judgment that determines the merits in whole or in part is a final judgment. La.Code Civ. Proc. art. 1841. Every final judgment shall be signed by the judge, La.Code Civ. Proc. art.1911, and identified as such by appropriate language, La.Code Civ. Proc. art.1918.
The record shows that in the present case, Denton first filed suit for damages on November 29, 1995, against State Farm, alleging it "had in full force and effect a policy of uninsured and/or underinsured motorist insurance and/or medical payments coverage which covered . . . Thomas R. Denton . . . ." and that State Farm owed legal interest from the date of judicial demand until paid. Trial Tr. vol. I, p. 10 (Nov. 29, 1995). In two subsequent amending petitions, Denton reasserted his claim against State Farm for legal interest on any damage award. It is clear that State Farm's UM liability and any attendant legal interest were issues from the inception of this litigation, and were integral aspects of the trial on the merits. It is equally clear, applying the codal articles referenced herein above, that the trial court judgment, which incorporated the jury's findings, dated November 3, 2004, ordering that "State Farm Automobile Insurance Company as the uninsured/underinsured motorist carrier of the Thomas R. Denton Vehicle owes its policy limit of $50,000.00 plus court costs and interest from the date of judicial demand until paid," was a final judgment.
La.Code Civ. Proc. art.1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
It is well established that Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Bourgeois, 846 So.2d at 695. As we held in Bourgeois, "the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment." Id. It is well settled in our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the trial judge who rendered it, except in the manner provided by law. Bourgeois, 846 So.2d at 696.
*53 Despite Denton's contention that he seeks clarification, not alteration or correction of the final judgment, we conclude that an amendment to a judgment which increases the interest amount State Farm owes from $31,797.87 to approximately $1.4 million based upon an insurance policy not of record, constitutes a substantive amendment that La.Code Civ. Proc. art. 1951 prohibits. The only State Farm insurance policy of record was stipulated to by the parties as "Joint Exhibit 3," which limits interest to its policy limits. "Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in Code of Civil Procedure Article 1951." Bourgeois, 846 So.2d at 696. As we have held before, "the Code of Civil Procedure provides only a limited means of correcting errors of substance in a final judgment." Id. Simply stated, there is no specific grant of statutory authority for a trial court to clarify substantive provisions of a final judgment.
In making this determination, we find that Denton had available several statutorily recognized procedural devices to argue that State Farm's liability for interest should have been calculated on the entire judgment, not limited to the policy limits outlined in the policy Denton's counsel introduced into evidence as "Joint Exhibit 3." A thumbnail sketch of the trial court hearing on this issue and supporting memoranda establish a chronology of knowledge that bears directly on our determination, particularly as it pertains to post-trial relief at Denton's disposal.
At the hearing on Denton's post-judgment motion, counsel for Denton admitted that "the addendum [introduced into evidence] says exactly what [State Farm] says it says, they only owe interest on the 50." Trial Tr. vol. VII, p. 1679 (March 2, 2005).[3] In a supplemental memorandum in support of his motion to take additional evidence and to fix interest, counsel for Denton stated, "Prior to the signing of this Court's Judgment of November 3, 2004, the plaintiff . . . and defendant . . . could not agree on State Farm's liability to pay interest on its policy limits of $50,000. . . ." Trial Tr. vol. II, page 430 (March 26, 2005). More particularly, counsel for Denton further stated in that memorandum, "On or about October 29, 2004, State Farm was notified that the petitioner maintained that State Farm was liable for interest on the entire amount of the Judgment." Id. Again, in that same memorandum, counsel for Denton stated that by correspondence dated October 29, 2004, State Farm informed him that the policy did not contain the interest payment provision that had appeared in Denton's original 1983 State Farm policy, that this change occurred after Denton's original policy was purchased, but prior to the accident involving Denton and Vidrine. Accordingly, relying *54 upon the facts Denton has asserted, it is apparent he had knowledge of the disagreement on the interest issue at least six days before the trial judge signed the final judgment.
Pursuant to La.Code Civ. Proc. art. 1811, Denton could have filed a motion for judgment notwithstanding the verdict. Such a motion must be filed not later than seven days, exclusive of legal holidays, after the clerk has served the notice of judgment. In the alternative, or in addition to the motion for JNOV, Denton could have filed a motion for new trial pursuant to La.Code Civ. Proc. art.1972 or 1973, which must also be filed within seven days after the clerk has served the notice of judgment. In particular, Denton could have alleged he discovered the policy of insurance had been changed, that he obtained this knowledge after the jury returned its verdict, and that he could not have, with due diligence obtained this evidence before or during trial. La.Code Civ. Proc. art. 1972(2). Denton filed none of these pleadings, even though he had notice of this alleged "new evidence" prior to the applicable deadlines.
Despite the availability of the post-trial motions for JNOV and a new trial, Denton chose to let the time lapse for asserting them and instead sought to have additional evidence taken to clarify the setting of interest on that portion of the judgment cast against State Farm. No statutory authority exists for the procedural vehicle Denton chose, much less to assert that motion sixty-four days after signing of the final judgment.
A plaintiff is not entitled to unlimited access to the judicial process. It is for that reason La.Code Civ. Proc. art. 1632 establishes an order of trial and La. Code Civ. Proc. art. 1637 provides for the completion of trial at the conclusion of the presentation of evidence. This order is important because it limits the litigants to what, when and where they are to present either the proof of or, as the case may be, the defense of their case. Without such limitations, there would be no end for trials. For that reason, it is clear a trial court cannot consider additional evidence after the rendition of a final judgment unless the procedures discussed above have been invoked and followed.
In the present case, Denton's argument strains credulity to suggest he was not seeking a "change" in the judgment. Such assertion flies in the face of the fact that only one State Farm policy was introduced at trial and that policy provided that State Farm only owed interest on its policy limits. From the inception of this litigation, a period of over six years existed when Denton knew that State Farm's policy of insurance was essential proof of the UM aspect of his petition. Despite that fact, the record is devoid of evidence that Denton sought discovery of this document either under the provisions of La.Code Civ. Proc. art. 1461 (establishing the discovery device requesting the production of documents and things) or through the issuance of a subpoena duces tecum pursuant to La. Code Civ. Proc. art. 1354. Under the facts presented, the trial court judgment could only have been based on the one policy introduced into evidence; thus, there was no need for any other calculation or clarification. As borne out in this record, Denton had knowledge of a dispute over the amount of interest well before a final judgment was entered and he had ample opportunity at trial to present evidence of a different policy on which interest could have been based. Although it cannot be gainsaid, as Denton argues, that the trial court is the proper forum to decide the issue presented, his attempt to place the issue before the trial court came too late.
*55 Although we did rule in State Farm's earlier writ application that the trial court was not prohibited from considering Denton's motion under La.Code Civ. Proc. art.2088, see Denton, 957 So.2d at 162, it was not for the reasons the appellate court ascribed. The trial court's legal authority to consider Denton's motion remained because the district court retains jurisdiction under art.2088 over "matters not reviewable under the appeal," even after the signing of an appeal order for another litigant. Article 2088 provides that the trial court is divested of jurisdiction only as to the parties and issues which are the subject of the judgment which has been appealed. James v. Formosa Plastics Corp. of La., 813 So.2d 335. In the present case, the trial court's jurisdiction continued because State Farm did not appeal the judgment ordering it to pay its $50,000 policy limits plus court costs and legal interest, and DOTD's appeal did not implicate that judgment; accordingly, the matter of the interest due from State Farm was not reviewable under DOTD's appeal. Notwithstanding, although the trial court retained jurisdiction over this discrete aspect of the judgment, the controversy over the legal interest owed is dissimilar to the motion to fix costs outlined in art.2088(10). Denton asserted in his post-judgment motion of January 6, 2005, that his right to legal interest derives from a different policy than the one entered into evidence during trial and stipulated to by the parties as the effective policy as of the date of the accident. Whereas the amount of court costs cannot be determined with certainty until after trial, the amount of interest due on a policy of insurance is determinable by the applicable law and the provisions of the policy, evidence of which must be adduced during the trial on the merits.
For the foregoing reasons, the judgment of the Court of Appeal, First Circuit, is reversed and set aside. The trial court's judgment of June 27, 2005, is reinstated, denying Thomas Denton's motion to introduce additional evidence and fix interest.
REVERSED AND RENDERED.
JOHNSON, J., concurs.
NOTES
[1] The record shows that counsel for Denton made the following statement to the trial court:

Your Honor, we have one matter to take up before the Jury comes in, if you don't mind. Just the introduction of these insurance documents that are necessary and important,. . . we have three joint exhibits.
* * *
And then the final policy in line is the State Farm policy which was Mr. Denton's personal policy, his U.M. policy, in effect on the date of the accident which is for a limit of fifty thousand . . . [T]hat is submitted as "Joint Exhibit 3."
Trial Tr. 1198 (October 20, 2004).
Upon questioning from the trial court, all counsel stipulated to introduction of this evidence.
[2] La.Code Civ. Proc. art.2088 provides, in pertinent part:

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, . . . .
Thereafter, article 2088 lists ten instances where the trial court retains jurisdiction post-appeal, namely, (1) to allow the taking of a deposition, as provided in Article 1433; (2) to extend the return day of the appeal, as provided in Article 2121; (3) to make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131; (4) to correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132; (5) to test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126; (6) to grant an appeal to another party; (7) to execute or give effect to the judgment when its execution or effect is not suspended by the appeal; (8) to enter orders permitting the deposit of money within the meaning of Article 4058; (9) to impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or (10) to set and tax costs and expert witness fees. State Farm argued that the ten enumerations in article 2088 were inapplicable.
[3] Both Denton and State Farm have filed motions in this Court, noting that the State Farm policy introduced into evidence does not appear in the record that has been lodged with this Court and that the record should be supplemented in this regard. Although both parties are correct about this omission, we deny the parties' motions in this regard, finding Denton's admission stated above obviates the necessity of supplementing the record with State Farm's policy. We further note Denton has filed a motion, asking this Court to supplement the record with Denton's original State Farm policy and other related documents; State Farm has filed a motion to strike that request, relying on the fact they were not admitted into evidence in the trial court. At oral argument Denton brought to the Court's attention that his request was improvidently made as these documents were not admitted into evidence in this action during the trial on the merits. Accordingly, to the extent necessary, we grant State Farm's motion to strike, effectively denying Denton's request to supplement the record.