IN RE: INTERDICTION OF GLORIA LANASA RASPANTI

NO. 24-CA-166

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 839-194, DIVISION "B"
HONORABLE R. CHRISTOPHER COX, III, JUDGE PRESIDING

December 04, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**MOTION TO DISMISS APPEAL DENIED; AFFIRMED.**
    **FHW**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
JOSEPH P. RASPANTI
 Arthur D. Dupre, Jr.
 Jerry W. Sullivan
 Paul R. Solouki

COUNSEL FOR INTERVENOR/APPELLEE,
JANINE M. RASPANTI
 Albert J. Derbes, IV
 Eric J. Derbes

COUNSEL FOR DEFENDANT/APPELLANT,
GLORIA LANASA RASPANTI
 Yvette A. D'Aunoy

**WICKER, J.**

In this interdiction proceeding, Gloria Raspanti ("Mrs. Raspanti") filed this appeal seeking review of the trial court's judgment ordering an interdiction as to her finances and healthcare needs. For the following reasons, we affirm the trial court's judgment. We also deny the motion to dismiss appeal filed by Mrs. Raspanti's son.

## FACTS AND PROCEDURAL HISTORY

On March 29, 2023, Joseph Raspanti ("Joseph") filed a petition for interdiction seeking a full interdiction of his mother, Gloria Raspanti. According to Joseph, Mrs. Raspanti was suffering from diminished cognitive abilities, showing signs of dementia, and unable to take care of her person and her estate. Alternatively, Joseph requested a limited interdiction, asserting that Mrs. Raspanti was "particularly vulnerable to the undue influence and manipulation" by her daughter, Janine Raspanti ("Janine"), and this influence substantially impaired her ability to make reasoned decisions about her finances and her estate.

On June 2, 2023, Mrs. Raspanti filed an answer objecting to the interdiction and asserting she did not need a curator and wanted to make her own decisions. Janine filed a petition for intervention on August 2, 2023, joining Mrs. Raspanti in opposing the interdiction and arguing the allegations of the petition were made solely for the purpose of bothering, annoying, and embarrassing Mrs. Raspanti and Janine.

This matter proceeded to trial on January 25, 2024. Two witnesses testified, including Dr. John Thompson, and several exhibits were admitted into evidence. Prior to the conclusion of the hearing, counsel for Mrs. Raspanti indicated on the record that the parties agreed to "a limited or partial interdiction of Gloria Lanasa Raspanti over her finances and healthcare needs" and to the appointment of an independent curator to handle these needs.

24-CA-166                                                    1

On February 7, 2024, the trial court signed a judgment ordering an interdiction of Mrs. Raspanti with regard to her finances and healthcare needs. The second page of the judgment contains Mrs. Raspanti's signature, as well as the signatures of counsel for Mrs. Raspanti, Joseph, and Janine. That same day, the trial court signed a separate judgment appointing a curator for Mrs. Raspanti and specifying the terms of the curatorship. On February 29, 2024, Mrs. Raspanti filed a motion for appeal of the interdiction judgment, which was granted.

## LAW AND DISCUSSION

Mrs. Raspanti filed her appellant brief on May 6, 2024, asking this Court to reverse or revise the interdiction judgment because the trial court materially altered it without the parties' consent. She asserted that she submitted a written, consent judgment signed by the parties providing for "a partial/limited interdiction" over her finances and healthcare needs, as agreed to by all parties at trial, but the trial court amended the judgment prior to signing it to provide for "an interdiction" over Mrs. Raspanti's finances and healthcare needs. Mrs. Raspanti argued that the trial court's removal of the words "partial/limited" effectively ordered a full interdiction. Janine also filed a brief in this Court adopting Mrs. Raspanti's arguments.

Joseph filed an appellee brief asserting the trial court made a permissible, clerical correction to the consent judgment by changing "a partial/limited interdiction" over Mrs. Raspanti's finances and healthcare needs, to "an interdiction" over her finances and healthcare needs. He contends the language of the judgment provides for a limited interdiction of Mrs. Raspanti, only as to her finances and healthcare needs, not a full interdiction of her person. Therefore, Joseph urges this Court to affirm the interdiction judgment.

On June 12, 2024, Joseph filed a motion to dismiss the appeal with prejudice, asserting that Mrs. Raspanti passed away on June 5, 2024.[1] He argues that because an interdiction terminates with death pursuant to La. C.C. art. 397, the judgment at issue on appeal "has no further effect or consequence," and the appeal should be dismissed as moot. Mrs. Raspanti's counsel and Janine filed memoranda in opposition to the motion to dismiss the appeal, asserting the appeal is not moot because there are collateral consequences to the judgment. They argue that one collateral consequence is that there is a document in the public record which purports to be a consent judgment when it is not. They further contend that the question of whether the interdiction was full or limited affects other important matters, such as Mrs. Raspanti's capacity to contract.

It is well-settled that courts in Louisiana will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. *Ulrich v. Robinson*, 18-0534 (La. 3/26/19), 282 So.3d 180, 186; *In re Media Access to Virtual Zoom Courtroom*, 23-172 (La. 5/16/23), 360 So.3d 474, 475. An issue is moot when a judgment on that issue has been "deprived of practical significance," "made abstract or purely academic," or can serve no useful purpose. *Ulrich*, 282 So.3d at 186; *Cat's Meow, Inc. v. City of New Orleans through Dept. of Finance*, 98-601 (La. 10/20/98), 720 So.2d 1186, 1193. A controversy is not moot if there are collateral consequences to one of the parties, even where the primary subject of the dispute has become moot. *Cat's Meow*, 720 So.2d at 1196.

Louisiana Civil Code art. 397 provides that an interdiction terminates upon the death of the interdict. Therefore, when Mrs. Raspanti died, the interdiction ended. We must determine whether the termination of the interdiction rendered the

---

[1] The appellate record does not contain evidence of Mrs. Raspanti's death. However, her death is admitted in the memoranda filed in this Court by the parties.

appeal moot, or whether there are collateral consequences by virtue of which the appeal should proceed.

Pursuant to La. C.C. art. 389, a court may order the *full interdiction* of a person of the age of majority who, due to an infirmity, is consistently unable to make reasoned decisions regarding the care of his person and property, or to communicate those decisions, and whose interests cannot be protected by less restrictive means. *Interdiction of Constance*, 23-318 (La. App. 5 Cir. 3/22/24), 384 So.3d 1111, 1124. In accordance with La. C.C. art. 390, a court may order the *limited interdiction* of a person of the age of majority who, due to an infirmity, is unable consistently to make reasoned decisions regarding the care of his person or property, or any aspect of either, or to communicate those decisions, and whose interests cannot be protected by less restrictive means. *Constance*, 384 So.3d at 1124.

The effects of a full interdiction are more restrictive than a limited interdiction. A full interdict lacks the capacity to make a juridical act, whereas a limited interdict only lacks the capacity to make a juridical act pertaining to the property or aspects of personal care that the judgment of limited interdiction places under the authority of her curator. La. C.C. art. 395; *See also* La. C.C. art. 1482.[2] Any right not specifically restricted in the judgment of limited interdiction is

---

[2] La. C.C. art. 1482 provides:

> A. A person who challenges the capacity of a donor must prove by clear and convincing evidence that the donor lacked capacity at the time the donor made the donation *inter vivos* or executed the testament.
>
> B. A full interdict lacks capacity to make or revoke a donation *inter vivos* or disposition *mortis causa*.
>
> C. A limited interdict, with respect to property under the authority of the curator, lacks capacity to make or revoke a donation *inter vivos* and is presumed to lack capacity to make or revoke a disposition *mortis causa*. With respect to his other property, the limited interdict is presumed to have capacity to make or revoke a donation *inter vivos* or disposition *mortis causa*. These presumptions may be rebutted by a preponderance of the evidence.

retained by the interdict. La. C.C. art. 390, cmt. (a); La. C.C.P. art. 4551(B); *Constance*, 384 So.3d at 1124.

In the present case, the primary issue on appeal is whether the language of the February 7, 2024 judgment provided for a full interdiction or a limited interdiction. As a full interdict, Mrs. Raspanti would have lacked the capacity to make any juridical act, including an act purporting to create, modify, transfer, or extinguish rights and obligations, whether personal or real. *See* La. C.C. art. 395, cmt (c). As a limited interdict, Mrs. Raspanti would have only lacked the capacity to make a juridical act as to her finances and her healthcare.

Although Mrs. Raspanti's interdiction abated upon her death, there are collateral consequences to a determination of whether her interdiction was full or limited while it was in effect. Therefore, we find the issues on appeal are not moot, and it is incumbent upon this Court to address the merits of the appeal. Accordingly, we deny the motion to dismiss appeal.

Turning to the merits of the appeal, Mrs. Raspanti and Janine have asserted that the trial court's February 7, 2024 judgment, which was apparently modified after it was presented to the trial court for signature, orders a full interdiction of Mrs. Raspanti, contrary to the consent judgment dictated into the record at trial. Joseph responds that the language of the judgment does not provide for a full interdiction of Mrs. Raspanti's person, and he acknowledges that the parties' agreement was for the interdiction to be limited or partial.

A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. La. C.C. art. 3071; *Peeler v. Dural*, 06-936 (La. App. 5 Cir. 4/11/07), 958 So.2d 31, 35; *Petition for Nullification of Donation Cotaya*, 22-539 (La. App. 5 Cir. 5/31/23), 367 So.3d 806, 815. A consent judgment has qualities of both contracts and judicial decrees.

*Cotaya*, 367 So.3d at 815. Consent judgments are governed by the same rules of construction that apply to contracts. *Rousset v. Rousset*, 14-663 (La. App. 5 Cir. 4/15/15), 170 So.3d 253, 256; *Randazza v. Giacona*, 20-439 (La. App. 5 Cir. 3/24/21), 316 So.3d 564, 569; *Nelson v. Nelson*, 08-85 (La. App. 5 Cir. 6/19/08), 985 So.2d 1285, 1290.

Louisiana Civil Code art. 3072 provides that "[a] compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." The agreement recited in open court confers upon each party the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. *Cotaya*, 367 So.3d at 815; *Matchmaker Int'l of New Orleans, Inc. v. Osborne*, 94-920 (La. App. 5 Cir. 3/15/95), 653 So.2d 686, 689. A signed consent judgment reflects the mutual consent of the parties to the terms of the compromise, but its binding force is derived from the consent of the parties rather than from a judicial determination. *Morris, Lee & Bayle, LLC v. Macquet*, 14-1080 (La. App. 4 Cir. 3/23/16), 192 So.3d 198, 209.

At trial, counsel for Mrs. Raspanti indicated the parties reached an agreement, stating on the record:

> …the parties have consulted and have reached a consent. All parties have agreed that in accordance with Dr. Thompson's recommendations that there will be a limited or partial interdiction of Gloria Lanasa Raspanti over her finances and her healthcare needs, with her healthcare needs understood to include anything that involved her mental health and well-being, including her social and interpersonal activities and desires.
>
> And the parties further agree that the Court may appoint or shall appoint an independent curator to handle these needs for Mrs. Raspanti.

The trial court then stated that it intended to call Louisiana Guardianship Services, Inc. ("LGSI") to ask if it would be willing to serve as curator in this case

24-CA-166                                6

"since it is not a full interdiction." The court indicated it had been informed that LGSI might not be willing to handle the curatorship "because it's not a full interdiction." Joseph and Janine were questioned by the trial court and indicated that the terms of the agreement, as stated on the record, were acceptable to them. Counsel for Mrs. Raspanti indicated that she would prepare a written judgment.

A review of the transcript shows that the parties clearly agreed to a limited or partial interdiction of Mrs. Raspanti and specified that it would be over her finances and healthcare needs. The trial court also acknowledged that the interdiction would be limited, not a full interdiction of Mrs. Raspanti. The compromise agreement recited on the record became binding and enforceable when it was placed on the record of the proceedings.

Mrs. Raspanti and Janine have argued that the trial court was without authority to modify the version of the judgment submitted to the court for signature, where it had been signed by the parties. However, the law allows the amendment of judgments to alter the phraseology, but not the substance, even after the judgment is signed and final, pursuant to La. C.C.P. art. 1951. Under La. C.C.P. art. 1951, final judgments may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. *Denton v. State Farm Mut. Auto. Ins. Co.*, 08-483 (La. 12/12/08), 998 So.2d 48, 52; *Bourgeois v. Kost*, 02-2785 (La. 5/20/03), 846 So.2d 692, 695.

Our review reveals that the amendment did not take anything from or add anything to the parties' consent agreement recited on the record. The language of the judgment provided to the trial court indicates that "a partial/limited interdiction is granted over Gloria Lanasa Raspanti with regard to Gloria Lanasa Raspanti's finances and health care needs." The judgment signed by the trial court on February 7, 2024, provides that "an interdiction is granted over Gloria Lanasa Raspanti with regard to Gloria Lanasa Raspanti's finances and health care

needs…" This minor modification of the written judgment provided to the court, deleting the words "partial/limited," does not change the meaning or substance of the agreement.

Further, each provision in a contract is interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. *Rousset*, 170 So.3d at 256; *Randazza*, 316 So.3d at 569. Here, the judgment provides that Mrs. Raspanti "retains the capacity of a natural person *except as expressly limited* by this Judgment," and "the Court shall appoint an independent curator, regarding Gloria Lanasa Raspanti's finances, and healthcare needs as defined above…" (Emphasis added.)

It is unclear why the trial court amended the language of the consent judgment prior to signing it. However, the amendment is of no moment, as the language of the judgment under either version provides for a limited interdiction of Mrs. Raspanti, only as to her finances and healthcare needs.

Based on our review of the transcript of the proceedings, and comparing the language recited on the record to the trial court's written judgment, we find the trial court's judgment conforms to the provisions of the parties' consent judgment dictated on the record in open court. Even with the deletion of "partial, limited" from the judgment, the terms remain the same and accurately reflect the parties' actual consent agreement. Accordingly, we find no basis upon which to reverse, revise, or amend the judgment.

**DECREE**

For the reasons stated above, we deny Joseph's motion to dismiss appeal. We affirm the trial court's February 7, 2024 judgment, ordering a limited interdiction of Mrs. Raspanti, which applies only to her finances and healthcare.

**MOTION TO DISMISS APPEAL DENIED; AFFIRMED.**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-CA-166**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
R. CHRISTOPHER COX, III (DISTRICT JUDGE)
ARTHUR D. DUPRE, JR. (APPELLEE)          JERRY W. SULLIVAN (APPELLEE)          ALBERT J. DERBES, IV (APPELLEE)
ERIC J. DERBES (APPELLEE)                JARED S. SCHEINUK (APPELLEE)          BRETT M. DUPUY (APPELLANT)
YVETTE A. D'AUNOY (APPELLANT)

### MAILED

PAUL R. SOLOUKI (APPELLEE)              IRA J. MIDDLEBERG (APPELLANT)
ATTORNEY AT LAW                         ATTORNEY AT LAW
3838 NORTH CAUSEWAY BOULEVARD           909 POYDRAS STREET
SUITE 3010                              SUITE 1400
METAIRIE, LA 70002                      NEW ORLEANS, LA 70112