| | | |
|---|---|---|
| EVANGELIA BILALIS | * | NO. 2024-CA-0527 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| WALLACE DRENNAN AND | * | |
| ZURICH AMERICAN | | FOURTH CIRCUIT |
| INSURANCE COMPANY | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-10904, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *
(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Dale N. Atkins, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)

**LEDET, J., DISSENTS WITH REASONS**
**ATKINS, J., CONCURS IN THE RESULT AND ASSIGNS REASONS**
**HERMAN, J., DISSENTS AND ASSIGNS REASONS**

Carl A. "Trey" Woods, III
Caleb H. Didriksen, III
Erin Bruce Saucier
DIDRIKSEN SAUCIER & WOODS, PLC
3114 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE

Brett W. Tweedel
Thomas G. Buck
BLUE WILLIAMS, L.L.C.
3421 North Causeway Boulevard, Suite 900
Metairie, LA 70002

      COUNSEL FOR DEFENDANTS/APPELLANTS

          **AFFIRMED**
          **March 14, 2025**

*RLB*

*NEK*

This appeal arises from a dispute over judicial interest owed following a jury award of damages rendered in an automobile personal injury case. For the reasons that follow, we affirm the trial court's judgment granting the plaintiff's motion to enforce judgment and set judgment debtor rule.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 22, 2020, plaintiff Evangelina Bilalis ("Ms. Bilalis") filed suit against defendants Wallace Drennan and Zurich American Insurance Company ("Defendants") for injuries she sustained in a car accident. On November 17, 2023, a jury awarded ("Ms. Bilalis") $376,871.62 in special damages and $360,000.00 in general damages, totaling $736,871.62. On December 11, 2023, the trial court signed the judgment confirming the jury's verdict which stated in pertinent part: "The jury found that Plaintiff was injured in the accident and awarded the Plaintiff…a combined total of $736,871.52 plus judicial interest thereon from November 17, 2023, the date of judicial demand, until paid…."

1

On January 8, 2024, Defendants issued a check that covered the principal award and judicial interest calculated from November 17, 2023, through January 9, 2024, totaling $744,366.51.

On March 19, 2024, Ms. Bilalis filed a motion to enforce judgment and to set a judgment debtor rule. In her motion, she argued that judicial interest accrues by operation of law from the date of judicial demand, which in this case was December 22, 2020. Defendants only paid judicial interest from November 17, 2023, the date of the jury's verdict. Therefore, Ms. Bilalis claimed that payment of judicial interest had not been fully satisfied.

Defendants opposed the motion, claiming that Ms. Bilalis' motion to enforce sought to amend a final judgment by changing the date from which judicial interest begins to accrue. Defendants also claimed that because Ms. Bilalis did not appeal the December 11, 2023 judgment, it became final and any attempt to amend or alter the judgment is procedurally untimely.

Following a hearing on the motion, the trial court granted the motion to enforce and set judgment debtor rule, finding judicial interest began to run from the date of judicial demand was in fact December 22, 2020, and therefore the judgment was not fully satisfied because Defendant only paid the that accrued from the date of the jury verdict on November 17, 2023. Defendants now seek appellate review of the trial court's granting of Ms. Bilalis' motion to enforce judgment and set judgment debtor rule.

***STANDARD OF REVIEW***

2

"When the issues presented on appeal involve fact questions or mixed questions of law and fact, the manifest error standard applies; when the issues involve questions of law, the *de novo* standard applies." *Davis v. Nola Home Construction, L.L.C.*, 16-1274 (La. App. 4 Cir. 6/14/17) (internal citation omitted).

### DISCUSSION

On appeal, Defendants argue that: (1) the December 11, 2023 judgment is a final judgment and pursuant to La. C.C. art. 1951, it cannot be substantively amended; (2) Ms. Bilalis' motion to enforce, in effect, sought a substantive change, violating the principles of finality; and (3) any ambiguity in the judgment should be construed against Ms. Bilalis, whose counsel drafted the judgment.

In opposition, Ms. Bilalis argues that she has never asked the trial court to amend the December 2023 judgment; rather, she has simply asked that the judgment be enforced as written. Ms. Bilalis maintains that the December 2023 judgment explicitly states that interest is owed "from the date of judicial demand," and November 17, 2023, which is the date of the jury's verdict, is an erroneous reference. Additionally, she claims that judicial interest automatically attaches from the date of judicial demand by operation of law, regardless of explicit mention in a judgment.

La. R.S. 13:4203 provides that in tort cases, judicial interest accrues automatically from the date of judicial demand. The statutory provision for judicial interest is designed to fully compensate plaintiffs for the delay in receiving damages caused by the litigation process. *Jones v. Am. Home Assurance Co.*, 18-0107, p. 4 (La. App. 4 Cir. 6/27/18), 317 So.3d 498, 501 ("Legal interest is

3

designed to compensate a plaintiff for his loss of the use of the money to which he is entitled, the use of which defendant had during the pendency of the litigation") (quoting *Trentecosta v. Beck*, *on reh'g*, 95-0096, p. 3 (La. App. 4 Cir. 2/25/98), 714 So.2d 721, 726). Importantly, our jurisprudence has recognized this accrual is not contingent upon the plaintiff formally demanding the same in her original petition or the use of specific language in the judgment; it operates as a matter of law. *Cooley v. Allstate Ins. Co.*, 443 So.3d 739 (La. App. 4th Cir. 1984) (holding judicial interest attaches automatically in tort cases from the date of judicial demand, even if the judgment does not explicitly reference it).

The judgment at issue states that the jury awarded Ms. Bilalis "a combined total of $736,871.52 plus judicial interest thereon *from November 17, 2023, the date of judicial demand, until paid*…." (emphasis added). While the judgment refers to "November 17, 2023" as "the date of judicial demand," November 17, 2023, is *not* the date of judicial demand as defined by La. C.C.P. art. 421. The date of judicial demand is the day on which a party files a demand or claim for relief. La. C.C.P. art. 421. Ms. Bilalis filed her original petition on December 22, 2020; therefore, December 22, 2020 is the date of judicial demand. November 17, 2023 is the date the jury rendered a verdict in her case. *Jones v. Am. Fire-Indem. Ins. Co.*, 442 So.2d 772, 776 (La. App. 2nd Cir. 1983) (recognizing the date of judicial demand is not the date of judgment).

The parties do not disagree as to the substantive law applicable to this case or the relevant facts. The only issue on which the parties substantially disagree is the interpretation of the December 2023 judgment, and what portion of its language is controlling. Specifically, the parties disagree as to whether the amount of judicial interest should be determined by the judgment's reference to the

4

November 17, 2023 date or the language stating "the date of judicial demand." Defendants argue that the former controls, despite their admission that the date of judicial demand is, in fact, December 22, 2020.

In opposing the motion to enforce, Defendants contend that Ms. Bilalis' motion to enforce effectively seeks to amend a final judgment. Pursuant to La. C.C. art. 1951, "[a] final judgment may be amended at any time to alter phraseology or correct decretal language deficiencies, or errors of calculation." While Article 1951 authorizes correction of a clerical error in a final judgment, substantive amendments are not permitted. *Denton v. State Farm Mut. Auto. Inc. Co.*, 08-0483, p. 6 (La. 12/12/08), 998 So.2d 48, 52; *Bates v. City of New Orleans*, 13-1153, p. 13 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, 783. Defendants argue that Ms. Bilalis' motion to enforce seeks to change the date from which interest begins to run, which would increase the amount of legal interest Ms. Bilalis is owed. Defendants claim that the result is a substantive change. Defendants assert that because she did not raise the issue before the judgment became final, the trial court lacked jurisdiction to change it.

In *Denton*, the Supreme Court held that a substantive change to a judgment's interest calculation was impermissible under La. C.C. art. 1951. The jury verdict awarded $5 million in damages to the plaintiff for injuries sustained in an automobile accident. The judgment on the jury verdict, however, limited the damages award to the policy limits and interest from the date of judicial demand. The insurance company tendered payment. Thereafter, the plaintiff subsequently filed a motion to introduce evidence and fix interest, claiming that a policy not of the record included a provision authorizing interest on the entire jury award despite the limit on liability outlined in the policy that was introduced at trial. The

5

appellate court amended the judgment to include judicial interest on the jury's award. The Supreme Court reversed, finding that plaintiff sought a substantive amendment of a final judgment prohibited by Article 1951.

While Defendants cite this case as analogous to the instant matter, we find it factually distinguishable. In *Denton*, the plaintiff sought to amend the judgment's language to increase the interest owed based on provisions in a policy and even going so far as introducing evidence to support the amendment. Ms. Bilalis does not seek to alter the judgment but rather asks that the court enforce what is written and mandated by La. R.S. 13:4203.

Defendants also cite *Suprun v. La. Farm Bureau Mut. Ins. Co.*, 09-1555 (La. App. 1 Cir. 4/30/10), 40 So.3d 261, wherein the final judgment set an end date for the accrual of judicial interest. After the judgment was final, the plaintiff filed a motion to tax costs and legal interest from the date of judicial demand *until paid* by defendants. The trial court granted the motion and on appeal the First Circuit reversed, finding the amendment was substantive and therefore prohibited.

Defendants cite *Suprun* to suggest the plaintiff became bound by the date written in the judgment once it became final. However, that case did not involve an instance where the right is automatic and by operation of law.

Reliance on the judgment's reference to November 17, 2023 creates an illusion of ambiguity where none exists, as all parties agree that December 22, 2020, and not November 17, 2023, is the date of judicial demand. This manufactured conflict is unsupported by both the law and the judgment's own language. Plaintiff contends that accepting Defendant's argument would require this Court to disregard the language following the reference to November 17, 2023, which explicitly states and defines when judicial interest begins to accrue—"the

6

date of judicial demand." This language is unambiguous, and its inclusion in the judgment merely reflects what is already established by law, requiring neither specific pleading nor explicit mention in the judgment.

Additionally, Defendants accuse Ms. Bilalis of attempting to amend a final judgment, yet their own actions reveal an attempt to do precisely that. The key difference is that Defendants sought to amend the judgment not through a formal challenge, but selectively relying on only a portion of the judgment's language when issuing payment. Defendants' claim that they were merely following the date referenced in the judgment is disingenuous. Defendants have never disputed that December 22, 2020, is the date of judicial demand, conceding this point on appeal. While Defendants contend that Ms. Bilalis is seeking to substantively alter a final judgment, Defendants' deliberate choice to adhere to certain language in the judgment while disregarding the rest effectively does the same. By doing so, Defendants' actions improperly *subtract* from the substance of the final judgment.[1] that, as they acknowledge in their brief, but for the Ms. Bilalis' allegedly untimely challenge, is inconsistent with the law.

Contrary to Defendants' claim, enforcing the judgment as written, including awarding interest from the date of judicial demand and recognizing December 22, 2020, as the accrual date, does not constitute a substantive amendment to the judgment. La. C.C.P. art. 1951 contemplates the correction of a "clerical error." Once the jury rendered verdict in her favor and awarded damages, Ms. Bilalis was automatically entitled to judicial interest from the date of judicial demand by

---

[1] Defendants paid judicial interest from the date of the jury verdict on November 17, 2023 through January 9, 2024, totaling $7,944.89. Ms. Bilalis contends that the total judicial interest she is owed based on December 22, 2020, the true date of judicial demand, is over $100,000.

operation of law. This right is conferred by statute and is not dependent on its explicit mention in the judgment. *Cooley v. Allstate Ins. Co., supra.*

It is evident that reference to the November date was a drafting error. However, correcting that mistake by enforcing judicial interest from the actual date of judicial demand does not amount to a substantive amendment. It does not alter any substantive rights. It merely ensures the judgment aligns with its terms, which reflect what is automatically provided as a matter of law. By contrast, Defendant's argument would substantively alter the judgment by supplanting the automatic accrual of judicial interest with a date that is legally irrelevant. Because judicial interest attached as a matter of law upon the filing of the original petition, any interpretation that allows reference to November 17, 2023, to override the judicial demand date would render the judgment internally contradictory and inconsistent with La. R.S. 13:4203.

## CONCLUSION

Judicial interest is designed to compensate a plaintiff for her loss of the use of money to which she was owed from the moment her claim was filed. Recognizing December 22, 2020, as the date of judicial demand ensures adherence with both the judgment as written and the law, rather than modifying either. Therefore, to the extent granting Ms. Bilalis' motion to enforce amended the December 11, 2023 judgment, we find no error in the trial court's correction of a clerical error. *See* La. C.C.P. art. 1951. Accordingly, we affirm the trial court's May 17, 2024 judgment granting Ms. Bilalis' motion to enforce and set judgment debtor rule.

**AFFIRMED**